UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK A. SMITH,

                              Plaintiff,

                                                                             Case # 16-CV-6097-FPG

v.

                                                                              DECISION AND ORDER

CITY OF ROCHESTER et al.,

                              Defendants.
_____

## INTRODUCTION

Plaintiff Mark A. Smith ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 against the City of Rochester, Rochester Police Officer ("RPD") Steven Swetman, in his official and individual capacities, and John Does #1-10, intended to be unknown RPD officers. ECF No. 1. Plaintiff alleges that his Fourth Amendment rights were violated when Defendant Swetman subjected him to an unreasonable search and seizure on May 27, 2011. *Id.* at ¶¶ 30-33.

On May 27, 2016, Defendants moved to dismiss the Complaint pursuant Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 2, 3, 4. After he was granted several extensions of time, Plaintiff responded in opposition to Defendants' Motion on September 9, 2016. ECF No. 8. For the reasons that follow, Defendants' Motion to Dismiss is GRANTED and this action is DISMISSED WITH PREJUDICE.

## BACKGROUND[1]

On May 27, 2011 at approximately 1:00 a.m., Defendant Swetman was working as a uniformed RPD officer in the City of Rochester when he responded to a 911 call that a man was

---

[1]     The following allegations are taken from Plaintiff's Complaint (ECF No. 1) and are accepted as true for the purpose of evaluating Defendants' Motion to Dismiss.

selling drugs. ECF No. 1, at ¶ 10. Defendant Swetman arrived at the location and saw an occupied vehicle with dark tinted windows. *Id.* at ¶¶ 11-12. When the vehicle drove away, Defendant Swetman followed and stopped it based on the tinted window infraction. *Id.* at ¶¶ 12-13. Plaintiff, the driver of the vehicle, informed Defendant Swetman that he did not have a driver's license. *Id.* at ¶ 14. Defendant Swetman asked Plaintiff to exit the vehicle and he pat searched Plaintiff's waist area. *Id.* at ¶¶ 15-16. When Defendant Swetman moved his hands toward the back of Plaintiff's waist, Plaintiff leaned forward. *Id.* at ¶ 17. Defendant Swetman told Plaintiff to stand straight and handcuffed him before he continued pat searching the back of his waist. *Id.* at ¶ 18. When Plaintiff leaned forward a second time, Defendant Swetman asked Plaintiff if there was something in his pants that he "needed to know about." *Id.* at ¶ 19. Plaintiff did not respond to this question. *Id.* at ¶ 20. Plaintiff alleges that Defendant Swetman then "pulled open the front of [Plaintiff]'s underwear and looked at his genital area and saw a plastic bag in the bottom of [Plaintiff]'s underwear, which he retrieved." *Id.* It was determined that this bag contained crack cocaine. *Id.* at ¶ 21.

Based upon this incident, Plaintiff was charged with one count of Criminal Possession of a Controlled Substance in the Third Degree and one count of Criminal Possession of a Controlled Substance in the Fourth Degree in violation of the New York State Penal Law. *Id.* at ¶ 22. After Plaintiff was indicted on these charges, his attorney moved to suppress the drugs found in his underwear. *Id.* at ¶ 23. After a suppression hearing, Monroe County Court Judge James J. Piampiano denied Plaintiff's motion to suppress and held that the search was legal. *Id.* at ¶ 24. On May 16, 2012, Plaintiff pleaded guilty to both charges and was sentenced to an aggregate term of six years incarceration plus two years of supervised release. *Id.* at ¶ 25.

Plaintiff filed a Notice of Appeal from Judge Piampiano's decision to deny his motion to suppress. *Id.* at ¶ 26. On December 23, 2015, the Appellate Division, Fourth Department, unanimously reversed Plaintiff's conviction, vacated his guilty plea, granted his motion to suppress the drugs seized at the time of his arrest, and dismissed the indictment. *Id.* at ¶ 27. Specifically, the Appellate Division held that Defendant Swetman's search of Plaintiff was "patently unreasonable" and that he violated Plaintiff's Fourth Amendment right against unreasonable search and seizure. *Id.* at ¶ 28. Plaintiff was incarcerated from May 27, 2011 until December 24, 2015 based on the incidents described above. *Id.* at ¶ 29.

## LEGAL STANDARD

To succeed on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the defendant must show that the complaint contains insufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A complaint is plausible when the plaintiff pleads sufficient facts that allow the Court to draw reasonable inferences that the defendant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility "is not akin to a probability requirement," rather plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotation marks omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks and citation omitted). A pleading that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted); *see also Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) ("As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.").

## DISCUSSION

Defendants argue that Plaintiff's case should be dismissed for several reasons, but their primary argument is that the statute of limitations has expired. ECF No. 4, at 4-6. Plaintiff contends that this action is timely because he is entitled to delayed accrual or equitable tolling. ECF No. 8, at 4-6.

"The statute of limitations for actions under § 1983 is the statute of limitations applicable to personal injuries occurring in the state in which the appropriate federal court sits." *Dory v. Ryan*, 999 F.2d 679, 681 (2d Cir. 1993). When that state has multiple limitations periods for different personal injury claims, federal courts should apply the "general or residual" limitations period. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). The residual limitations period in New York State is three years. N.Y. C.P.L.R. § 214(5); *see also Pearl*, 296 F.3d at 80.

I.   **Accrual**

Defendants assert that Plaintiff's unlawful search claim accrued on May 27, 2011, when the allegedly unlawful search and seizure occurred.  ECF No. 4, at 4-6.  Thus, Defendants contend that Plaintiff was obligated to file suit within three years of this incident, by May 27, 2014.  *Id.* at 5.  Because Plaintiff did not bring this action until February 18, 2016, Defendants maintain that it is time barred and should be dismissed.  *Id.* at 6.  Plaintiff asserts that delayed accrual should apply in this case, and that his cause of action did not accrue until December 23, 2015, when the Appellate Division overturned his conviction.  ECF No. 8, at 4-5.

Federal law governs the accrual date for § 1983 claims, and accrual occurs "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl*, 296 F.3d at 80 (citation omitted).

In *Wallace v. Kato*, 549 U.S. 384, 397 (2007), the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."  There, the petitioner was arrested after he confessed to a murder.  *Id.* at 386.  Before his trial, the petitioner unsuccessfully attempted to suppress his station house statements as the product of an unlawful arrest.  *Id.*  He was convicted of first-degree murder and sentenced to 26 years in prison.  *Id.*  On appeal, the Appellate Court of Illinois held that the officers arrested the petitioner without probable cause in violation of the Fourth Amendment.  *Id.* (citation omitted).  The petitioner's case was ultimately remanded for a new trial, but the prosecutor dropped the charges against him.  *Id.* at 387.

Shortly after the charges were dropped but more than nine years after his arrest, the petitioner filed a § 1983 suit against the city of Chicago and several Chicago police officers

5

seeking damages arising from his unlawful arrest. *Id.* Under Illinois law, the relevant statute of limitations was two years. *Id.* The petitioner argued that his claim was timely because it accrued on the date he was released from custody, as he sought damages up to that time. *Id.* 391. The Supreme Court found, however, that the petitioner's claim was time barred because it accrued "when he appeared before the examining magistrate and was bound over for trial." *Id.* at 391-92. The Supreme Court noted that deferred accrual was not appropriate, which "is called into play only when there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id.* at 393 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (emphasis and alterations in original)).

The facts in this case are remarkably similar. Plaintiff was arrested after Defendant searched him and seized a bag of crack cocaine from him. Plaintiff unsuccessfully attempted to suppress the evidence, but Judge Piampiano denied his motion and held that the search was legal. Plaintiff pleaded guilty to the charges and was sentenced to a term of imprisonment. Thereafter, the Appellate Division reversed Plaintiff's conviction and found that the search and seizure violated his Fourth Amendment rights. Plaintiff was released from prison the next day and filed this suit shortly thereafter.

The *Wallace* ruling has been applied to allegedly unlawful searches and seizures. In *Mallard v. Potenza*, No. 94-CV-223 (CBA), 2007 WL 4198246, at *3 (E.D.N.Y. Nov. 21, 2007), *aff'd*, 376 F. App'x 132 (2d Cir. 2010), the court noted that "delayed accrual does not apply in the pre-conviction context. This would be true whether the claim which could potentially call into question the conviction arises from a false arrest or an improper search." Accordingly, the court found that the date of accrual was the date on which the property in question was seized, because "a claim for an illegal search accrues when the property is taken (so long as the plaintiff

6

knows or has reason to know of the taking), because that is when the plaintiff's rights have been intruded upon and the time at which he has a complete and present cause of action." *Id.* at *5.

Plaintiff argues that delayed accrual should apply here, because "the ruling in *Mallard* has never been applied, or even cited, by the Court of Appeals for the Second Circuit, thus rendering its persuasiveness questionable." ECF No. 8, at 5. The Court rejects that argument, however, because the Second Circuit affirmed the *Mallard* ruling. *See Mallard v. Potenza*, 376 F. App'x 132 (2d Cir. 2010) (summary order).

Accordingly, the Court finds that Plaintiff's unlawful search claim accrued on May 27, 2011, the date on which he was searched and had property seized from him.

## II. Tolling

The statute of limitations may be tolled in a § 1983 action under "extraordinary circumstances." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). The party who seeks equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *A.Q.C. ex rel. Castillo v. U.S.*, 656 F.3d 135, 144 (2d Cir. 2011) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, "[b]ecause statutes of limitations protect important social interests in certainty, accuracy, and repose, equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances." *Castillo*, 656 F.3d at 144 (internal alterations, quotation marks, and citations omitted).

Plaintiff contends that the statute of limitations should be tolled until December 23, 2015, when the Appellate Division overturned his conviction and found that the search and seizure were "patently unreasonable." ECF No. 8, at 4-6. Specifically, Plaintiff asserts that the requisite "extraordinary circumstances" are present here because "[a]s a result of the illegal search by

[Defendant] Swetman, [Plaintiff] was continuously incarcerated from May 27, 2011 until December 24, 2015, one day after his conviction was overturned by the Appellate Division." *Id.* at 5. Plaintiff notes that "[t]his action was commenced less than two months after the Appellate Division, for the first time in the four-year history of [Plaintiff]'s criminal case, held that [Defendant] Swetman's search of his underwear violated [Plaintiff]'s Fourth Amendment rights." *Id.* at 5-6. Plaintiff argues that "rather than sit on his rights, [he] sought legal counsel and commenced a lawsuit almost immediately upon his release from state custody" after the Appellate Division held that the search at issue violated his rights. *Id.* Plaintiff also contends that tolling the statute of limitations would not be prejudicial to Defendants. *Id.* at 6.

Plaintiff has not shown that he was "pursuing his rights diligently" in relation to this § 1983 action while he was in prison, and imprisonment is not an "extraordinary circumstance" that tolls the statute of limitations. *Taylor v. Fresh Direct*, No. 12 Civ.2084(GBD)(AJP), 2012 WL 6053712, at *5 (S.D.N.Y. Dec. 5, 2012) (citing *Walker v. Jastremski*, 159 F.3d 117, 119 (2d Cir. 1988) ("[I]mprisonment *simpliciter*, like unawareness *simpliciter*, does not toll a statute of limitations.") and *Perry v. Sony Music*, 462 F. Supp. 2d 518, 520 (S.D.N.Y. 2006) (Plaintiff's "explanation that he was incarcerated during the period in question is not sufficient by itself to support application of the [equitable tolling] doctrine.")). Thus, the Court finds that Plaintiff has not demonstrated that he is entitled to the drastic remedy of equitable tolling. *See Wallace*, 549 U.S. at 396 ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.").

Accordingly, because Plaintiff's claim accrued on May 27, 2011 and there is no basis for equitable tolling, Plaintiff was required to file suit by May 27, 2014. Because Plaintiff did not commence this action until February 18, 2016, it is time barred and must be dismissed.

**CONCLUSION**

For the reasons stated, Defendants' Motion to Dismiss (ECF Nos. 2, 3, 4) is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE (ECF No. 1). The Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

Dated: January 10, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court